No. 342

First Circuit

SHELTON v. PENTECOST

(November 10, 1928. Opinion and Decree.)
(December 4, 1928. Application for Rehearing not entertained for being filed too late.)

Taylor and Parker, of Baton Rouge, attorneys for plaintiff, appellee.

W. O. Watson, of Baton Rouge, attorney for defendant, appellant.

LECHE, J. Plaintiff prays for damages from defendant, in the sum of five hundred dollars, for forcibly and illegally entering his home and tortiously taking therefrom a lot of household furniture. The District Court rendered judgment in his favor for two hundred dollars and the present appeal from that judgment was taken by defendant.

The facts appear to be that plaintiff, who resides in the Parish of Livingston, purchased at different times from defendant, who conducts business in the City of Baton Rouge under the firm name of Union Furniture Company, household furniture, bedding and other articles usually kept in a home for the comfort and convenience of its occupants. These sales were made partly for cash and partly on easy terms of credit payable monthly. Some of the articles were fully paid for and others were only partly paid for. Defendant says that at the time of the trespass plaintiff owed him forty-one dollars.

Some time in July, 1927, plaintiff with his wife and child or children, went to North Louisiana to visit his wife's family. The date of his departure is somewhat in doubt. Plaintiff says that he left on Thursday, July 14th, but other witnesses say that he left earlier than the 14th. He says that when he left, he asked his father to come and nail the doors and windows of

the house. This is corroborated by the father, who says that he did nail the doors and windows of the house, and that when he did so, the contents of the house were intact, just as they were when the son went away.

It appears further that on Sunday, July 17th, two employees of defendant went to the plaintiff's home in a truck, that they took forcible possession of all the contents of the house, including articles already paid for in full, and other articles which had not been purchased from defendant, that they removed the same and disposed of them by selling some of them to neighbors of plaintiff and hauling the remainder to defendant's place of business in Baton Rouge.

Defendant excuses the acts of his employees on the ground that they were informed by plaintiff's neighbors that plaintiff had abandoned his home and its contents and had gone away, that the house had a leaky roof, that the doors and windows were wide open and that unless they took away the furniture and household goods, the same would be ruined by exposure to the weather, and that defendant would have no recourse against plaintiff to secure and collect his claim for forty-one dollars.

Several months after this event, plaintiff, who had been kept away by the illness of his child, returned to Livingston and found the home which he had previously occupied denuded of its contents and had to seek shelter elsewhere for himself and family.

Such are the salient facts disclosed by the record.

Even if we view the testimony in a light most favorable to defendant, it is obvious that defendant committed a trespass, that his conduct is neither justifiable nor even excusable and that he usurped the function of a court of justice, thereby rendering himself liable in damages for the humiliation, inconvenience and trouble to which he subjected the plaintiff.

It matters not how dilapidated the house may have been, it was plaintiff's home, and its material condition did not take away from its sacredness. It matters not that the furniture may have been of little value, it nevertheless was as useful and as necessary to the comfort of plaintiff's family as if it had been ornate and expensive.

Defendant virtually concedes in argument that he encroached upon the rights of plaintiff, but says that plaintiff has failed to prove the amount of his damages. It appears abundantly from the evidence that plaintiff was humiliated, inconvenienced and placed to trouble, and the amount of damage to which he is entitled is not in the nature of vindictive or punitory damages, but is within the discretion of the Court. C. C. Art. 1934, paragraph 3.

The District Court fixed the damage at two hundred dollars and this estimate appears to be fair and just.

The judgment appealed from is therefore affirmed.